### AHL BROTHERS CONSTRUCTION CO., Inc.
v.

Frank G. SCIULLO, also known as F. G. Sciullo, Gerald T. Vitale, also known as G. T. Vitale, Floyd R. Ganassi, also known as Floyd Ganassi, and Henry Rischitelli, Individually and co-partners trading as Charmon Construction Co., Principals

and

Seaboard Surety Company, Surety.

Civ. No. 17938.

United States District Court W. D. Pennsylvania.

Sept. 22, 1959.

Harry R. Levy, Pittsburgh, Pa., for plaintiff.

J. M. McCandless, Pittsburgh, Pa., for defendant Seaboard Surety Co.

MARSH, District Judge.

The court has reviewed the pleadings in the light of the briefs and arguments of counsel on defendant Seaboard Surety Company's motion to dismiss and is of the opinion that the motion should be denied. The law is clear that " * * * there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635, and see 2 Moore's Federal Practice par. 12.08, p. 2245 and cases cited under footnote 6.

We certainly cannot say that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim, for the instant case presents not only questions of fact concerning the place of performance and execution of several contracts, but also serious questions of law as to the scope of the payment and perform-

ance bond in question. As the Court stated in Chicago & N. W. Ry. Co. v. Chicago Packaged Fuel Co., 7 Cir., 1950, 183 F.2d 630, 632:

> "We think a serious question of law was presented as to the scope of the indemnity agreement—certainly 'enough to withstand a mere formal motion, directed only to the face of the complaint.'"

An appropriate order will be entered.