Virginia SWARTZ, Administratrix of the Estate of Cordell Miller, Deceased

v.

H. M. EBERLY, Herr & Co., Inc. and Lancaster Newspapers, Inc.

No. 31270.

United States District Court
E. D. Pennsylvania.

Dec. 21, 1962.

---

Frank E. Roda, Harrisburg, Pa., for plaintiff.

Thomas Raeburn White, Jr., of White & Williams, Philadelphia, Pa., for defendant, Lancaster Newspapers, Inc.

FREEDMAN, District Judge.

Plaintiff has brought a wrongful death and survival action as the administratrix of the estate of her deceased son, a boy 13 years of age, who was fatally injured on November 30, 1961. The accident occurred at about 5:30 P.M. while he was walking along the south berm of U. S. Route 30, approximately five miles west of the City of Lancaster. He was struck by a motor vehicle owned and operated by the defendant, Eberly, who at the time was acting in the course and scope of his employment as the servant of another defendant, Herr & Co., Inc. Recovery is sought against Eberly for negligent operation of the motor vehicle and against Herr & Co., Inc., as his master.

The defendant, Lancaster Newspapers, Inc., has filed a motion to dismiss under Rule 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted against it.

The allegation against Lancaster Newspapers, Inc., is that it was negligent because it did not provide a safe place for the boy to work, and this is particularized in the charge that it permitted and caused him to travel a dangerous route in close proximity to a busy highway with a newspaper bag over his shoulders containing approximately 75 newspapers which he was engaged in delivering for the defendant. The complaint expressly

34

avers that the boy "was employed as an independent contractor" by the newspaper company.

The defendant seizes hold of the allegation that the boy was an independent contractor and asserts that it amounts to a concession that the defendant had no control over the *means* by which he was to perform his work. And since it had no control over the means by which he was to do his work it may not be charged with negligence because of the course he chose to travel or the place where he elected to stand in making delivery of newspapers.

It is true that freedom to choose the means by which one's work is to be done, or freedom from the right of control over it by the other, is the decisive test in the determination whether the relationship is that of independent contractor or employee.[1] But whether one is an independent contractor or an employee of another is not to be decided by the label which they place upon their relationship. It is determined on an independent examination of all of the surrounding circumstances. In this evaluation, of course, the designation which they place upon their relationship is of some evidential value; but a wrong label deliberately attached to a bundle of circumstances cannot alone alter the relationship which the law will determine from the facts. A newsboy's relationship to a newspaper publisher is not one in which the factual circumstances are inevitably so similar that its legal consequence must always be the same.[2]

Just as "no will has a brother", so in each case, whether the relationship between the parties is that of independent contractor or employee, is a question which must be decided on its own individual facts: Thomas v. Bache, 351 Pa. 220, 232, 40 A.2d 495 (1945).

So it is that in suits for negligence and claims for workmen's compensation brought by a newsboy against the publisher the circumstances of each case have produced their own result. And this is true even though the humane purposes of the Workmen's Compensation Law require that " * * * neither the compensation authorities nor the courts shall be solicitous to put claimants in that position [of an independent contractor] when a reasonable view of the evidence warrants a finding that the injured person was an employee.": Gailey v. State Workmen's Insurance, 286 Pa. 311, 314, 133 A. 498, 499 (1926); quoted in Thomas v. Bache, 351 Pa. 220, 223, 40 A.2d 495 (1945); Gadd v. Barone, 167 Pa.Super. 477, 481, 75 A.2d 620 (1950); Stevens v. Publishers Agency, 170 Pa. Super. 385, 389, 85 A.2d 696 (1952).

Thus, for example, in Philadelphia Record Co. v. Curtis-Martin Newspapers, Inc., 305 Pa. 372, 376, 157 A. 796 (1931), it was stated in general terms that newsboys are independent vendors and not employees. In Tyler v. McFadden Newspapers Corp., 107 Pa.Super. 166, 163 A. 79 (1932), Keller J., a ten-year old boy was denied recovery for the admitted negligence of the driver of a truck on which he was riding, on the ground that the driver was not the defendant's agent or employee, but rather the employee of an independent contractor who was acting as the carrier for the delivery of the defendant's newspapers. The court held that the carrier who employed the driver controlled the means of performing the work and therefore was an independent contractor and not an employee of the newspaper publisher whose truck was being used. In Balinski v. Press Publishing Co., 118 Pa.Super. 89, 179 A. 897 (1935) and Rodgers v. P. G. Publishing Co., 24 Pa.Dist. & Co.2d 81 (C. P. Allegheny County 1960), claims for work-

1. Feller v. New Amsterdam Casualty Co., 363 Pa. 483, 70 A.2d 299 (1950).

2. See Annotation, 53 A.L.R.2d 183 (1957); Note, Newspaper Carrier-Servant or Independent Contractor?, 46 Ky.L.J. 596

(1958). See also National Labor Relations Board v. Hearst Publications, Inc., 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944), holding that so-called newsboys were employees for purposes of the National Labor Relations Act.

men's compensation were denied on the ground that the claimant was not an employee of the newspaper company. On the other hand, in Stevens v. Publishers Agency, 170 Pa.Super. 385, 85 A.2d 696 (1952), where the written contract described the claimant as an independent contractor, the court on an examination of all the circumstances held that the claimant, who sold magazines and books under the supervision of defendant's crew manager, who was also labeled an independent contractor, was an employee of the defendant and entitled to workmen's compensation.

It is obvious that the allegation in the complaint that the decedent was an independent contractor was designed to avoid a charge that the action for negligence is barred by the Workmen's Compensation Act. That characterization of the relationship may well turn out to be legally unfounded. But even if we assume it to be correct it does not follow that there was no duty owing by defendant to the newsboy at the time he was fatally injured. The few facts which we have before us appear in the complaint and in answers to interrogatories. They show merely that at the time the boy was struck he was on the berm of Route 30, while delivering the defendant's newspapers. He was carrying a newspaper bag over his shoulders containing approximately 75 newspapers. He was in close proximity to what is described as a busy highway. It is alleged that the defendant permitted and caused him to travel a dangerous route. We have no knowledge of the circumstances regarding the selection or designation of the route, or whether there was some other less dangerous way which he might have travelled. We do not even know if the homes to which he was delivering newspapers abutted on the highway or whether they could be reached by some other route than the busy highway. We have no knowledge whether a sidewalk abutted on the highway, or whether travel by pedestrians along the berm was hazardous or not. It is not even clearly stated, although it is assumed in the briefs, that the list of customers to whom the newsboy delivered newspapers was supplied by the defendant. If so, and if the only route he could take to make these deliveries was a dangerous one, then the conclusion may well be justified that the defendant caused the decedent to work in an unsafe place. If the number of newspapers was inordinately great and their weight difficult for a young boy to sustain, this too might justify the conclusion that the defendant imposed an unusually difficult and therefore dangerous burden on the decedent.

■ Accordingly, if defendant made the decedent an independent contractor, it owed to him as an infant the duty not to require him to perform work which it knew, because of his age and individual circumstances of intelligence, experience and knowledge, he would not be able to do with reasonable safety to himself. See 56 C.J.S. Master and Servant § 185; 3 Labatt, Master & Servant (1913), §§ 912–914. Certainly one who contracts with an infant for the performance of work as an independent contractor owes to him no less than to an outsider the duty not to be negligent. Liability in such cases is founded on ordinary negligence,—lack of reasonable care under the circumstances.[3] Even a supplier of chattels for use by one he should know is likely, because of his youth or inexperience, to use them negligently and thereby harm himself or others is liable for so doing. (2 Restatement, Torts § 390, p. 1058).

Within the limits of what the defendant had reason to know its so-called contract required the infant independent contractor to do, its duty is no different in substance from that of an employer of an infant employee. Here we are on familiar ground. As early as Rummel v. Dilworth, 131 Pa. 509, 19 A. 345 (1890), it was said: "In the case of young persons, it is the duty of the employer to

3. 57 C.J.S. Master and Servant § 607. See also 2 Restatement, Agency § 472, p. 408; 2 Restatement, Torts § 281, p. 734.

take notice of their age and ability, and to use ordinary care to protect them from risks which they cannot properly appreciate, and to which they should not be exposed. The duty in such cases to warn and instruct grows naturally out of the ignorance or inexperience of the employee. * * * In view of the youth and want of experience in the business on the part of Rummel [plaintiff], it was necessarily a question for the jury whether his employer had sufficiently warned and instructed him about the dangers of the employment, and how to avoid them, or had done all that was reasonably necessary to protect him from injury." (p. 520, 19 A. p. 345).

In Fisher v. Delaware & Hudson Canal Co., 153 Pa. 379, 26 A. 18 (1893), where the defendant was held liable to a 13-year old plaintiff who was injured while picking slate from the top of its coal cars, the court approved a charge which said: "There is another duty which the employer owes to a child or infant, and that is to inform him of the dangers connected with the services in which he is employed. If that information, taken in connection with what the employee must know from his personal and constant observation, is sufficient to enable him to understand clearly the dangers to which he is exposed, then that duty is discharged on the part of the employer." (p. 384, 26 A. p. 19). "[I]f the circumstances are such that the employer must perceive that the boy has not the capacity to realize the dangers to which he is exposed, he ought not to be put in that employment." (p. 384, 26 A. p. 19). See also Kehler v. Schwenk, 151 Pa. 505, 520, 25 A. 130 (1892).

■ The status of the decedent as an infant therefore makes the labeling of him as an independent contractor the beginning rather than the end of the question whether the defendant owed to him a special duty of care and protection. For the extent of such duty depends on the defendant's knowledge of his need for such protection and care. This is an individual matter depending on the individual abilities, experience, knowledge and capacity of the infant whose conduct is involved in the immediate case and not on some universal standard applicable to all in the same general class. 57 C.J.S. Master & Servant § 507; 3 Labatt, Master & Servant (1913), § 1154, et seq.

It follows, therefore, that the individual circumstances which would establish the capacities as well as the incapacities of the newsboy for whose death the present suit is brought, as well as the defendant's chargeability with knowledge of them, may not be determined on a motion to dismiss. For on such a motion none of the factors, except what appears in the general charge of negligence, is before us. We may not pass judgment on the case at this time merely because the decedent was a newsboy and he has been characterized in the complaint as an independent contractor. The nature of the hazards of his particular employment, especially at the time and place where he sustained his fatal injuries, his individual need for warning and protection, as well as the defendant's knowledge of the extent of his need, must first appear before the question of responsibility may be determined.

■ A motion to dismiss may only be granted in the clearest of cases. Where additional facts obviously are required before an ultimate judgment may be formed, the motion must fall. "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" 2 Moore, Federal Practice (2d ed.), § 12.-08, p. 2245.

### Order

AND NOW, December 21, 1962, the motion of defendant, Lancaster Newspapers, Inc., to dismiss, is denied.