OPERATIVE BRICKLAYER'S UNION NO. 64 OF PA. WELFARE FUND, a trust fund

v.

BRICKLAYER'S LOCAL UNION NO. 1 OF PA. WELFARE FUND, a trust fund.

Civ. A. No. 68-892.

United States District Court E. D. Pennsylvania.

Dec. 23, 1968.

Edward Bergman, Philadelphia, Pa., for plaintiff.

L. Halpern Miller, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The plaintiff, Operative Bricklayer's Union No. 64 of the Pennsylvania Welfare Fund, and the defendant, Bricklayer's Local Union No. 1 of the Pennsylvania Welfare Fund, are both trust funds which were created by collective-bargaining agreements entered into by employers and labor organizations engaged in interstate commerce. Plaintiff filed a complaint in this Court on April 26, 1968, charging that since October 19, 1967, the defendant has violated an agreement entered into by both parties on May 1, 1955. Defendant has moved pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted.[1] For reasons discussed below the defendant's motion to dismiss is denied.

The plaintiff and the defendant are both trust funds which have been established by employers and labor unions for the purpose of providing health and welfare benefits to employee-beneficiaries. The corpus of each fund is constituted exclusively by contributions which the employers are obligated to make to the trust funds under the provisions of their respective collective-bargaining contracts with the unions. Each employer is obligated to make a specific amount of contributions monthly to one of the two funds, even though in any one month that employer's employees might have worked within the jurisdiction of the other fund and thus would be entitled to receive their welfare benefits from that other fund. Thus, although the amount of contributions the employers are obligated to make to either fund remains constant from one monthly period to another, the amount of benefits which either fund is obligated to pay to employee-beneficiaries does change from month to month.

The plaintiff and the defendant entered into the May 1, 1955 agreement to assure that in any one month either party would have sufficient funds from which it could make the required benefit payments. Pursuant to the agreement the trust funds promised to pay to each other that amount of contributions which either received from employers whose employees the other fund was obliged to pay. By letter dated October 19, 1967, see, Exhibit "B" attached to the plaintiff's complaint, the defendant informed the plaintiff of its intention to terminate the agreement. The defendant contended that its decision was consistent with the provisions of Paragraph

---

1. Originally the defendant based its motion to dismiss on the alternative ground that this Court lacked subject-matter jurisdiction. Subsequently the defendant notified the plaintiff that it would not press this contention. In view of this decision, and in view of the fact that neither party did raise this matter either in its briefs or at the time of the argument, this Court decided that it would not be appropriate to consider the matter of subject-matter jurisdiction at this time.

4 of the agreement which provides as follows:

"This agreement shall become effective on the *1* day of *May 1955,* and shall remain in effect until one or both funds goes out of existence or shall be changed by the majority vote of the trustees of *each* fund." Exhibit "A", attached to the complaint. (Emphasis supplied).

Plaintiff requested the defendant to reinstate the agreement, and, when defendant refused to do so, instituted this action.

The law is clear that a motion to dismiss for failure to state a claim upon which relief can be granted should be denied "* * * unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts, which could be proved in support of the claim." Moore, Federal Practice, 2nd Ed., Volume 2A, ¶ 12.08, p. 2274. See generally, Ahl Brothers Construction Co. v. Sciullo and Seaboard Surety Co., 177 F.Supp. 240 (W.D.Pa., 1959), and Swartz v. Eberly, 212 F.Supp. 32, 36 (E.D.Pa., 1962). In support of its motion the defendant argues that there is no state of facts which the plaintiff can prove in support of its claim because as a matter of law Paragraph 4 gives each of the parties unilateral power to terminate the agreement. The plaintiff contends, on the other hand, that, as a matter of law, Paragraph 4 provides for termination of the agreement only upon the *decision of both* parties. The plaintiff's and the defendant's positions both hinge upon their respective interpretations of the word "each" as used in the phrase in Paragraph 4 "* * * by the majority vote of the trustees of *each* fund." (Emphasis supplied).

It is not clear that the contract provisions critical here are so unambiguous that the interpretation of the contract exclusively is a matter for the Court and not for a jury. See generally, Atlantic Refining Co. v. Wyoming National Bank of Wilkes-Barre, 356 Pa. 226, 233, 51 A.2d 719, 170 A.L.R. 1060 (1947), and Easton v. Washington County Insurance Co., 391 Pa. 28, 33–34, 137 A.2d 332 (1957). The arguments of counsel themselves in fact support a conclusion that the word "each" does not have a "plain meaning", but that, instead, the meaning is ambiguous and that therefore it would be appropriate to permit the parties to introduce at trial evidence of the factual circumstances surrounding the making of the contract. Hence it would be improper for this court to interpret the contract finally in ruling upon a motion to dismiss made pursuant to Rule 12(b) (6). See, e. g. *Easton,* supra, 391 Pa. at 33, 137 A.2d 332, and Mabee Oil & Gas Co. v. Hudson, 156 F.2d 450, 453 (C.A. 10, 1946).

Even if this Court were to conclude, however, that the contract is *unambiguous,* and that therefore it was proper to interpret the contract as a matter of law, the defendant's motion to dismiss would still be denied. The meaning which the defendant attributes to "each" could have been much more clearly expressed by the term "either". More significantly, the defendant's proffered interpretation is inconsistent with the basic interpretive principle that contracts should be interpreted in a way which makes sense. Here, a provision vesting both parties to the contract with an unbridled unilateral power of termination would render the contract almost nugatory. The interpretation advanced by the plaintiff is, on the other hand, consistent with the normal usage of the language, and, more importantly, is consistent with the continuing, mutually beneficial relationship which the parties surely contemplated at the time they entered into the agreement.

*For all the reasons discussed above,* it is hereby ordered that the defendant's motion, pursuant to Rule 12(b) (6), to dismiss the complaint in the above-captioned case, is denied.