430 F.2d 660
 John OGDEN et al., Plaintiffs,
v.
The DEPARTMENT OF TRANSPORTATION of the United States, specifically the Federal Aviation Administration and George Niles, Facility Chief, Detroit Metropolitan Airport, Defendants.
 Misc. No. 1012.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1970.
 
 Richard F. Schaden, Schaden & Peplowski, Detroit, Mich., for appellants on brief in support of motion for temporary injunction.
 William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Robert E. Kopp, Attys., Dept. of Justice, Washington, D. C., for appellees on application in opposition for stay.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.
 
 ORDER
 
 1
 This cause is before the Court on the Motion of John Ogden, Richard Ternes, Kenneth Poorman, and George Bell, four air traffic controllers, for a stay pending appeal of a dismissal of their complaint alleging wrongful discharge, by the United States District Court for the Eastern District of Michigan, Southern Division. The District Court dismissed their complaint on the ground that they had failed to exhaust their administrative remedies, by appeal either to the Federal Aviation Administration or the Civil Service Commission, subsequent to their discharges by their superior, the Chief Air Traffic Controller.
 
 
 2
 Title 5 U.S.C. § 7311 (1964) provides that:
 
 
 3
 "An individual may not accept or hold a position in the Government of the United States or the Government of the District of Columbia if he — * * *
 
 
 4
 "(3) participates in a strike, or asserts the right to strike, against the Government of the United States or the Government of the District of Columbia; or
 
 
 5
 "(4) is a member of an organization of employees of the Government of the United States or of individuals employed by the Government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the Government of the District of Columbia."
 
 
 6
 From March 25, 1970 to April 10, 1970, the four petitioners participated in the widely-publicized, nationwide "sickout" of air traffic controllers. By March 28th, each had been informed by telegram of a back-to-work order issued by the United States District Court for the District of Columbia, ordering the men either to present adequate medical documentation of their illnesses or to return back to work. Each man failed to comply with the orders in this telegram. On April 28, 1970, the men were informed by their superior that he proposed to discharge them from their positions on the ground that each had, by participating in the "sick-out", violated 5 U.S.C. § 7311. They were also informed that they could answer the charges personally, or in writing, or both to their superior within 15 days, or be granted a continuance if they needed more time. Each complaint stated:
 
 
 7
 "Full consideration will be given to any answer you submit. If you do not understand the above reasons why your removal is proposed, contact Mr. Theodore Burtness, CHI-10, for further information.
 
 
 8
 "As soon as possible, after your answer is received, or after expiration of the 15-day limit if you do not answer, a written decision will be issued to you."
 
 
 9
 Each man objected to this procedure, demanding the rights to counsel, confrontation, and written records of any hearings held. These requests were, apparently, denied. Each man responded to the charges, but each was discharged by the superior for cause. The letters informing the men of their termination also fully informed them of their rights to appeal their discharges to the F.A.A. or the Civil Service Commission.
 
 
 10
 Nevertheless, the men brought an action in the District Court seeking a temporary injunction to restrain their discharges pending a full-blown hearing, affording them the rights to be represented by counsel, to confront their accusers, and to take a transcript of the testimony and evidence. The Government answered, alleging that since the men had failed to exhaust their administrative remedies, by appealing their discharges to the F.A.A. or the Civil Service Commission, the District Court had no jurisdiction, and the matter should be dismissed. The District Court agreed, and dismissed the complaint. The men have appealed the District Court's order to this Court, and the motion presently before us solely concerns whether they are entitled to a stay of their discharges pending this Court's disposition of the matter.
 
 
 11
 "Unless an appellant can demonstrate to the court on such an emergency motion as this that there is great likelihood, approaching near certainty, that he will prevail when his case finally comes to be heard on the merits, he does not meet the standard which all courts recognize must be reached to warrant the entering of an emergency order of this kind." Greene v. Fair, 314 F.2d 200, 202 (5th Cir. 1963).
 
 
 12
 We do not find great likelihood of success present on the merits of this case.
 
 
 13
 The petitioners do not challenge the general rule that district courts have no jurisdiction to grant review of administrative actions unless the petitioner has first exhausted his administrative remedies, Burns v. McCrary, 229 F.2d 286 (2d Cir. 1956); Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958), cert. denied, 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70; Young v. Higley, 95 U.S.App.D.C. 122, 220 F.2d 487 (1955).
 
 
 14
 There is no allegation that the superior officer put impediments in the way of the petitioners' normal administrative appellate route. Schatten v. United States, 419 F.2d 187 (6th Cir. 1969). On the contrary, the petitioners were fully informed of their rights. Nor have they shown that the administrative appeal they were entitled to would have been futile, Wolff v. Selective Service Local Board, 372 F.2d 817 (2d Cir. 1967), or that the administrative remedies available to them were faulty or inadequate.
 
 
 15
 The petitioners' motion for stay pending appeal is denied.