**Curtis L. WRENN, Plaintiff,**

v.

**STATE OF KANSAS, et al., Defendants.**

**Civ. A. No. 82–2262.**

United States District Court,
D. Kansas.

April 21, 1983.

Curtis L. Wrenn, pro se.

Robert T. Stephan, Kan. Atty. Gen., Steven L. Ruddick, Associate Gen. Counsel, Kansas City, Kan., Ronald W. Nelson, Alder, Nelson & McKenna, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is an employment discrimination action brought by a black male against the State of Kansas, the University of Kansas, the University of Kansas College of Health Sciences and Hospital, and two individual defendants. Plaintiff alleges violations of 42 U.S.C. § 2000d, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. This cause of action arose from an alleged failure to hire plaintiff as Hospital Administrator or for the position of Assistant Hospital Administrator.

Presently pending before the court is plaintiff's motion to amend his complaint. This motion is not opposed; therefore, the court will order Exhibit A (with attachment) to plaintiff's motion to file his second amended complaint (Docket Entry No. 26) be filed as an amendment to the First Amended Complaint previously filed.

Also before the court is a motion to dismiss filed by all defendants. The motion to dismiss has seven parts, and each will be addressed separately.

## I

■ Defendants move to dismiss on the grounds that the court lacks subject matter jurisdiction. Plaintiff's original complaint was filed in August, 1982, prior to any right-to-sue letter being issued by the Equal Employment Opportunity Commission [hereinafter EEOC]. Attached to plaintiff's amended complaint, which this court allowed filed *infra,* is a right-to-sue letter from the EEOC bearing the date "1/11/83." Therefore, the court finds that the procedural defect has been cured and that the court now has subject matter jurisdiction.

## II

Plaintiff alleges discrimination in that defendants allegedly failed to hire him for the position of Assistant Hospital Administrator. Defendants move to dismiss this claim on the grounds that plaintiff has never filed a charge of discrimination with the EEOC in regard to the Assistant Hospital Administrator position. Plaintiff responds that his claims arising out of the failure to be hired as Assistant Hospital Administrator "are based on the jurisdiction of this court pursuant to U.S.C. Sections 1981 and 1983."

■ A charge of discrimination with the EEOC is not required for lawsuits brought under 42 U.S.C. § 1981. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263, 274 (10th Cir.1975). Therefore, plaintiff's failure to file a charge of discrimination with the EEOC in regard to the Assistant Hospital Administrator position will not bar his lawsuit to the extent it seeks relief under § 1981. The court will grant the motion to dismiss, however, to the extent that plaintiff has made a claim for relief in his complaint for violation of 42 U.S.C. § 2000d, *et seq.,* in regard to the Assistant Administrator position.

## III

Defendants next move to dismiss all of plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 against the State of Kansas, the University of Kansas, and the University of Kansas College of Health Sciences and Hospital on the grounds that such claims are barred by the Eleventh Amendment to the Constitution of the United States, which provides:

"The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

■ The Eleventh Amendment does not expressly bar suits against a state by its own citizens, but the United States Supreme Court has consistently held that an unconsenting state is immune to suits brought in the federal courts by its own citizens, as well as by citizens of foreign states. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Whether or not a state is named as a party to an action, the claim is barred by the state's immunity under the Eleventh Amendment:

"... when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants ...." *Ford Motor Co. v. Dept. of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

■ It is also well established that the rights and protections under the Eleventh Amendment extend to suits against departments or agencies of the state. *Mount Healthy City School Dist. Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). Whether an entity is an arm of the state enjoying the state's Eleventh Amendment immunity depends upon its function and characteristics as determined by state law. *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981).

In this circuit, the University of Kansas, its teaching hospital and the hospital administrators in their official capacities have

consistently been held immune from lawsuits for money damages under 42 U.S.C. §§ 1981 and 1983. *Brennan v. University of Kansas,* 451 F.2d 1287, 1290–91 (10th Cir.1971); *Chism v. University of Kansas,* No. 81–1621 (D.Kan., *unpublished,* 1/11/82); *Glaser v. Asher,* No. 80–4175 (D.Kan., *unpublished,* 6/24/81). *See,* generally, *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra.* Because all defendants are immune from suit under §§ 1981 and 1983, all claims against them will be dismissed.

■■■ University employees whose alleged personal participation in discriminatory acts has led them to be sued in their individual capacities are not protected by the Eleventh Amendment immunity. *E.g., Mayberry v. Dees,* 663 F.2d 502 (4th Cir. 1981); *Morrow v. Sudler,* 502 F.Supp. 1200, 1203 (D.Colo.1980). Plaintiff has sued defendants Waxman and Chiga in both their official and individual capacities. Officially, these persons are immune from suit. As individuals, plaintiff is allowed to plead a cause of action against them for money damages under §§ 1981 and 1983. Therefore, plaintiff's §§ 1981 and 1983 claims against these defendants in their individual capacities shall not be dismissed.

### IV

■■ Defendants next move for dismissal of all § 1983 claims against the State of Kansas, the University of Kansas, and the University of Kansas College of Health Sciences and Hospital on the grounds that these defendants are not "persons" who may be sued under § 1983. The law in this district supports defendants' argument. These defendants are not "persons" who may be sued for alleged violations of § 1983. *E.g., Valdez v. Kansas State Dept. of Social & Rehabilitation Services,* No. 76–24–C5 (D.Kan. 4/23/80); *Willner v. University of Kansas,* No. 79–4069 (D.Kan., unpublished, 5/01/80); *Hinman v. University of Kansas,* No. 79–4069 (D.Kan., *unpublished,* 9/08/82). The court, therefore, has an alternate basis for dismissal of plaintiff's § 1983 claims against these defendants.

### V

Defendant Waxman moves to dismiss all claims against him on the grounds that he had no personal involvement in the decision not to hire plaintiff. Defendant Waxman argues that all he did was approve certain action taken by a committee in regard to the hiring decisions of which plaintiff complains.

Although defendant Waxman neglects to specify which section of Rule 12 is being invoked, the court assumes the motion is in reference to Rule 12(b)(6), Failure to State a Claim Upon Which Relief Can Be Granted. The United States Court of Appeals for the Tenth Circuit has established the following guidelines for Rule 12(b)(6) motions:

> "In considering a motion to dismiss, the factual allegations of a complaint must be taken as true; furthermore, all reasonable inferences must be indulged in favor of complainant. *Mitchell v. King,* 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson,* 489 F.2d 877 (10th Cir.1974). Pleadings are to be liberally construed. *Gas-A-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir.1976); *Jorgensen v. Meade Johnson Laboratories, Inc.,* 483 F.2d 237 (10th Cir. 1973) . . . ."

*Parker v. American National Bank & Trust Co. of Shawnee, Oklahoma,* No. 77–1166, p. 5 (10th Cir., *unpublished,* 8/17/78).

■■ Motions to dismiss are generally viewed with disfavor and rarely granted. Rule 12(b)(6) motions may be granted only in the clearest of cases and must be denied when additional facts obviously are required before an ultimate judgment may be formed. *See Swartz v. Eberly,* 212 F.Supp. 32 (E.D.Pa.1962).

■■ The question that must be resolved is whether, in the light most favorable to

plaintiff, and with every doubt resolved in his behalf, the amended complaint states any valid claim for relief.

■ This court believes plaintiff has set forth sufficient allegations in his complaint to withstand a motion to dismiss. The court cannot find at this time that plaintiff would be unable to prove any set of facts in support of his claim which would entitle him to relief. This motion will therefore be denied.

## VI

■ Defendants next move for dismissal of all claims under 42 U.S.C. §§ 1981 and 1983 on the grounds that plaintiff has failed to plead a statute which gives this court jurisdiction. Plaintiff alleges jurisdiction is conferred on this court by 42 U.S.C. §§ 1981 and 1983. Of course, these sections do not give the court jurisdiction, but plaintiff, who is proceeding in this case *pro se,* cannot be expected to understand the niceties of pleading requirements. In the court's opinion, defendants have not shown that they are in any way prejudiced by plaintiff's failure to allege jurisdiction under Title 28, and the court will not dismiss on this spurious ground. In any event, plaintiff's first amended complaint alleges jurisdiction lies under 28 U.S.C. § 1331, and defendants interpose no objection to this allegation.

## VII

Plaintiff alleges a violation of Title VI, 42 U.S.C. § 2000d, *et seq.* This statute prohibits any program or activity receiving federal financial assistance from discriminating against any person because of his race. 42 U.S.C. § 2000d. Defendants first move to dismiss this cause of action on the grounds that plaintiff has failed to plead the elements of a cause of action.

■ Elements for establishing a cause of action under 42 U.S.C. § 2000d, *et seq.* are: (1) that the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance. Intent to discriminate

need not be pleaded. *Jackson v. Conway,* 476 F.Supp. 896, 903 (E.D.Mo.1979), aff'd 620 F.2d 680 (8th Cir.1980). *Cf., Otero v. Mesa County Valley School Dist. No. 51,* 470 F.Supp. 326, 330 (D.Colo.1979) [intent a necessary element in proof of plaintiff's case, however]. Plaintiff's amended complaint complies with these pleading requirements.

■ Defendants next move to dismiss on the grounds plaintiff has failed to plead that he was an intended beneficiary of the federally-funded program the defendants are alleged to have participated in. The court finds, however, that there is no requirement for such a pleading and declines to dismiss on that ground. Plaintiff eventually must prove this fact [*Otero, supra,* at 329], but a motion to dismiss is not the proper means by which to test the sufficiency of plaintiff's evidence.

■ Finally, defendants move to dismiss on the grounds that plaintiff has failed to plead exhaustion of his administrative remedies. Plaintiff denies that exhaustion is a prerequisite to filing a federal lawsuit. The parties cite no case law from this circuit, and the court's research has revealed none in either the Tenth Circuit Court of Appeals or the District of Kansas.

Regulations promulgated pursuant to 42 U.S.C. § 2000d provide:

"(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Department official or his designee a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination ..."

See 45 C.F.R. § 80.7(b); 34 C.F.R. § 100.-7(b). These regulations permit but do not require the filing of an administrative complaint by an aggrieved person prior to a lawsuit. The statute itself is silent as to any exhaustion requirement prior to the institution of a federal lawsuit. On its face, Title VI only allows administrative action upon proper complaint, 42 U.S.C. § 2000d-1, and allows judicial review of such action, 42 U.S.C. § 2000d-2.

Nevertheless, Title VI is an administrative statute, which relies upon the creation of federal agencies to effectuate the purpose of the statute. *Feliciano v. Romney,* 363 F.Supp. 656, 672 (S.D.N.Y.1973); *Dupree v. City of Chattanooga, Tennessee,* 362 F.Supp. 1136, 1141 (E.D.Tenn.1973). The record does not disclose what agency, if any, administers the federal funds defendants are alleged to receive, but almost all agencies of the federal government have promulgated regulations to effectuate employment guidelines. *E.g.,* 34 C.F.R. Part 100, *Nondiscrimination Under Programs Receiving Federal Assistance Through the Department of Education Effectuation of Title VI of the Civil Rights Act of 1964.*

■ Where an agency has established an administrative procedure to insure that no person is denied benefits of a program receiving financial assistance from the agency and has adopted procedures for gathering information, investigating complaints and enforcing compliance with Title VI, plaintiffs are expected to exhaust those administrative remedies before seeking redress in the federal courts. *Feliciano v. Romney, supra.* See also, *Bakersfield City School Dist. of Kern County v. Boyer,* 610 F.2d 621 (9th Cir.1979); *Howard Security Services, Inc. v. Johns Hopkins Hospital,* 516 F.Supp. 508 (D.Md.1981); *Santiago v. City of Philadelphia,* 435 F.Supp. 136 (E.D. Pa.1977); *Johnson v. County of Chester,* 413 F.Supp. 1299 (E.D.Pa.1976); *Green v. Cauthen,* 379 F.Supp. 361 (D.S.C.1974); *Dupree v. City of Chattanooga, supra.*

■ The exhaustion requirement requires a would-be plaintiff to participate in the administrative process and to present his claims eventually to the court of appeals before resorting to a federal lawsuit. *School Dist. of the City of Saginaw v. U.S. Dept. of H.E.W.,* 431 F.Supp. 147, 154–55 (E.D.Mich.1977). Unjustified failure to seek administrative relief requires dismissal of a claim for relief. *N.A.A.C.P. v. Wilmington Medical Center, Inc.,* 426 F.Supp. 919 (D.Del.1977).

■ Exhaustion is not required, however, where the relevant agency has established no method to investigate complaints, or where existing administrative procedures are incapable of providing relief. *Santiago v. City of Philadelphia, supra; School Dist. of City of Saginaw v. United States, supra.* Similarly, exhaustion is not required where following administrative procedures will frustrate the purpose of the lawsuit. *Rios v. Read,* 480 F.Supp. 14 (E.D.N.Y.1978).

On the present state of the record, it is impossible to tell whether or not there are any administrative remedies for plaintiff to exhaust. The court finds, however, that the burden is on plaintiff to plead either that he has exhausted his administrative remedies, or that exhaustion of administrative remedies is not required in his case. Therefore, the court will grant defendants' motion to dismiss all claims under Title VI of the Civil Rights Act of 1964.

IT IS BY THE COURT THEREFORE ORDERED that all claims under §§ 1981 and 1983 against the State of Kansas, the University of Kansas and the University of Kansas College of Health Sciences and Hospital are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that all claims under 42 U.S.C. §§ 1981 and 1983 against defendants Waxman and Chiga in their official capacities are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that all claims against all defendants pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.,* are hereby dismissed.