**NASSAU SECURITIES SERVICE, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 426, Docket 29346.**

United States Court of Appeals
Second Circuit.

Argued April 6, 1965.

Decided June 28, 1965.

Irving Garber, pro se.

Edward B. Wagner, Sp. Counsel, Philip A. Loomis, Jr., General Counsel, Da-

vid Ferber, Solicitor; Michael Joseph, Attorney, Securities and Exchange Commission, for respondent.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioner, a member of the National Association of Securities Dealers, Inc. (NASD), contracted to sell 100 shares of stock at $6.75 per share to James Anthony & Co., a fellow member of the NASD. When petitioner failed to deliver the shares at the proper time, Anthony purchased the stock at $10 per share from another dealer on petitioner's account, in accordance with Section 59 of the NASD Uniform Practice Code. Petitioner subsequently declined to pay Anthony the difference between the contract price and the "buy-in" price, a sum of $325.00.

Upon a complaint by Anthony and after notice and hearing, the District Business Conduct Committee of the NASD found petitioner guilty of violating Article III, Section 1 of the NASD Rules of Fair Practice, which requires NASD members to "observe high standards of commercial honor and just and equitable principles of trade." The Committee censured petitioner, fined it $1000, and assessed costs which ultimately totaled $256.67. This decision was affirmed in all respects by the Board of Governors of the NASD.

■ Upon a petition for review of the NASD order, the Securities and Exchange Commission dismissed the application, pursuant to 15 U.S.C. § 78o–3(h)(1), and held that petitioner's actions, as described above, constituted conduct "inconsistent with just and equitable principles of trade." Sec.Ex.Act.Rel. No. 7464, p. 4. It seems a bit odd that semi-public sanctions should be imposed for the breach of a private contract between professional traders. We cannot say, however, that the Commission exceeded its discretion in upholding this NASD policy. Cf. Berko v. S. E. C., 316 F.2d 137, 141–142 (2 Cir. 1963).

Petitioner argues that the case is governed by Southern Brokerage Co., Sec. Ex.Act.Rel. No. 7463 (1964), in which the Commission excused a breach of contract between NASD members because the defaulting dealer had an honest and reasonable belief that the subject matter of the contract was part of a fraudulent or manipulative scheme. Petitioner claims that this decision is particularly applicable here, because petitioner offered to put the $325 in escrow pending the outcome of an investigation by the Commission into possible manipulation of the stock being traded with Anthony.

■ The Commission found, however, that petitioner did not have a belief both honest and reasonable that there was a manipulative scheme afoot at the time of the contractual default. We hold, pursuant to 15 U.S.C. § 78y(a), that this finding was supported by substantial evidence. See R. H. Johnson & Co. v. S. E. C., 198 F.2d 690, 695 (2 Cir.), cert. denied, 344 U.S. 855, 73 S.Ct. 94, 97 L. Ed. 664 (1952). Furthermore, in the absence of such an honest and reasonable belief, petitioner was not entitled to withhold payment of the $325, even for the purpose of forcing what might have turned out to be a fruitful investigation.

■ Petitioner asks us to reverse the Commission on the ground that Section 59 of the NASD Uniform Practice Code has since been amended so as to permit the delay which occurred here in delivering the shares to Anthony. We shall assume, with the Commission, that the new provision has the effect ascribed to it by petitioner. Nevertheless, we know of no cases which hold that a relaxation of applicable regulations automatically abates administrative actions begun under prior and stricter standards, nor do we find any evidence that the NASD actually intended such a result in this particular instance. Compare Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed. 2d 300 (1964).

■ Petitioner claims that it was denied a fair hearing before the NASD, because the attorney who advised the District Business Conduct Committee is a

**136**

friend of the proprietor of James Anthony & Co., and because the men who judged the case against it are petitioner's competitors. At the start of the hearing before the Committee, however, the attorney stated that he had never previously met the proprietor of the complaining firm. The Committee was entitled to believe this declaration, and therefore to deny petitioner's request that the attorney be disqualified.

As for the attack on the make-up of the NASD tribunals, we admit to a certain uneasiness about their possible lack of disinterestedness. In R. H. Johnson & Co. v. S. E. C., supra, 198 F.2d at 695, however, our court rejected a related constitutional challenge based on an allegedly unlawful delegation of power to the private association. The grounds for that decision are applicable here: NASD rules and disciplinary actions are subject to full review by the Securities and Exchange Commission, a wholly public organ, with a hearing before it if requested, the taking of further evidence it may deem relevant, and a decision based on its own findings.

Petitioner contends that the proceedings before the District Business Conduct Committee were a nullity, because one of the members erroneously stated that it was irrelevant whether the subject matter of the contract which petitioner breached was part of a manipulative scheme. As has been pointed out above, the committeeman's interpretation of the law conflicted with the subsequent ruling of the Commission in Southern Brokerage Co., supra.

If petitioner had raised this objection before the Commission, that body might well have remanded the case to the NASD for further findings under a correct view of the law, a procedure which we heartily approve. See Rutter, The National Association of Securities Dealers, 7 Vill. L.Rev. 611, 633 (1962). Because no such objection was made, however, we are bound by the terms of 15 U.S.C. § 78y (a), which provides: "No objection to the order of the Commission shall be considered by the [reviewing] court unless such objection shall have been urged before the Commission."

The Commission approved the penalty imposed upon petitioner by the NASD, pursuant to 15 U.S.C. § 78o–3(h)(2), holding that censure and a $1000 fine were not "excessive or oppressive having due regard to the public interest." Sec.Ex.Act.Rel. No. 7464, p. 4. Petitioner attacks this ruling. We, too, are puzzled by the imposition of a $1000 forfeiture, the maximum fine in the NASD arsenal of remedies, for a breach of contract involving a sum less than one-third as large. Nevertheless, we cannot say that the Commission exceeded its discretion in upholding the NASD's assessment. See Boruski v. S. E. C., 289 F.2d 738, 740 (2 Cir. 1961).

Affirmed.