**WACO FINANCIAL, INC. and J. Jerome Prevatte, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. and Securities and Exchange Commission, Defendants.**

No. K81–73 CA4.

United States District Court, W. D. Michigan, S. D.

April 24, 1981.

Theodore H. Amshoff, Jr., Louisville, Ky., Robert D. Mollhagen, Kalamazoo, Mich., for plaintiff.

Andrew McR. Barnes, Washington, D. C., for NASD.

Michael K. Wolensky, Washington, D. C., Mary Weiss, Chicago, Ill., Robert C. Greene, U. S. Atty., Grand Rapids, Mich., for SEC.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This suit involves plaintiff WACO's status as a member of the National Association of Securities Dealers, Inc. (hereinafter 'NASD') and that of its president, plaintiff J. Jerome Prevatte as a registered financial principal. It is presently before this Court pursuant to plaintiffs' motion for a preliminary injunction.

The relevant facts are simple. The timing of this suit is unique. Sometime in 1980, the NASD filed two complaints against plaintiffs for their alleged failure to comply with certain rules of that association. On November 24, 1980 the District 8 Business Conduct Committee issued its findings of violations of those rules. As a result, plaintiff WACO was censured and expelled from its membership with the NASD. Plaintiff Prevatte was also censured and barred from association, as a financial principal, with any NASD member. In accordance with the applicable procedure, plaintiffs appealed those decisions to the NASD's Board of Governors. The penalties were stayed pending the outcome of that appeal. On March 19, 1981 the Board issued its opinion affirming the findings and penalties imposed by the District Committee.

From this point forward, the proceedings against plaintiffs are governed by the provisions of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk. Specifically, § 78s(d)(1) and § 78s(e)(1) provide the mechanics for appeal of a final decision of the self-regulating NASD to the appropriate regulatory agency (in this case, the Securities and Exchange Commission—hereinafter 'SEC').

The SEC is required to give the disciplined member a hearing on appeal but, according to the 1975 amendments to the Act, that hearing may consist only of a review of the NASD's record along with an opportunity for interested parties to present reasons for the affirmance, modification or setting aside of the NASD's action. 15 U.S.C. § 78s(e)(1). Thereafter, review of the SEC's action may be had in the United States Court of Appeals. 15 U.S.C. § 78y. The 1975 amendments also changed the prior provisions of the Act with respect to the status of any NASD-imposed penalties pending review by the SEC. The statute now provides that the application for SEC review shall not operate as a stay unless the Commission decides to the contrary. 15 U.S.C. § 78s(d)(2).

On March 23, 1981, plaintiffs applied for review of the NASD's decision to the SEC. At the same time, plaintiffs requested a stay of the penalties imposed. Prior to any decision by the SEC on the request for a stay, plaintiffs brought suit in this Court for a temporary restraining order and preliminary injunction. They contend that the Act and the NASD rules constitute unconstitutional deprivations of due process of law in several respects.

The attack against the NASD rules centers around the absence of a statute of limitations, the lack of mechanisms for discovery prior to the NASD hearings, the composition of the NASD panels, and prosecutorial involvement in selection of the panel and rendering of the Committee's decision. Plaintiffs further contend that their treatment at the hands of the NASD was arbitrary and capricious. The two aforementioned 1975 amendments to the Securities Exchange Act of 1934 are the focus of the balance of the plaintiffs' constitutional attack. They contend that the combined effect of 15 U.S.C. § 78s(e)(1) and § 78s(d)(2) subjecting them to NASD penalties prior to adjudication of their constitutional claims in the Court of Appeals is a fifth amendment violation of due process of law.

The threshold issue is whether this Court has subject matter jurisdiction to entertain plaintiffs' claims. They assert jurisdiction under 28 U.S.C. § 1331 and § 1337 (federal question); 28 U.S.C. § 2201 and § 2202 (The Declaratory Judgment Act); 5 U.S.C. §§ 702, 705 and 706 (The Administrative Procedures Act) and 15 U.S.C. § 78a et seq. (The Securities Exchange Act of 1934). Assuming that this Court does have jurisdiction, it must decide whether to exercise it prior to any action by the SEC with respect to plaintiffs' appeal.

■ At the outset this Court notes a well established principle that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is not a grant of jurisdiction. The purpose of the Act was to enlarge the scope of remedies available in cases where the federal court has an independent substantive basis for jurisdiction. *King v. Sloane*, 545 F.2d 7 (6th Cir. 1976); *American Airlines, Inc. v. Louisville & Jefferson Co. Air Bd.*, 269 F.2d 811 (6th Cir. 1959); *Muskegon Piston Ring Co. v. Olsen*, 307 F.2d 85 (6th Cir. 1962), *cert. den.* 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500; *Stanley v. Avery*, 387 F.2d 637 (6th Cir. 1968), *cert. den.* 390 U.S. 1044, 88 S.Ct. 1641, 20 L.Ed.2d 304. Additionally, the Administrative Procedures Act is not an independent grant of jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Allan v. Securities & Exchange Comm.*, 577 F.2d 388 (7th Cir. 1978).

Jurisdiction must then lie either under 28 U.S.C. §§ 1331, 1337 or the Securities Exchange Act of 1934. In light of the provisions of 28 U.S.C. § 78y for review in the Court of Appeals after final action by the SEC, the role of the district courts, if any, is not well defined. The indications are, however, that this Court may have subject matter jurisdiction under § 1331 or § 1337 of plaintiffs' constitutional claims unless Congress' intent to foreclose such an avenue of review is manifested by clear and convincing evidence within the Securities Exchange Act. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Act has been found not to exhibit such a clear Congressional intent. *Wolf Corp. v. Securities & Exchange Comm.*, 317 F.2d 139 (D.C.Cir.1963); *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir. 1979). The question of whether to exercise such jurisdiction prior to review of the NASD's action by the SEC must yet be answered.

■ The *First Jersey Securities* Court held that the comprehensiveness of the scheme of the Act suggested that the district courts should apply the concept of exhaustion of administrative remedies prior to exercising any jurisdiction they may have. Accordingly, this Court must determine whether the situation presented by this case is sufficient to invoke an exception to the exhaustion requirement.

Two exceptions to that requirement have been recognized in cases involving the Securities Exchange Act—where the administrative process is clearly shown to be inadequate in preventing irreparable injury or where there has been or will be a clear and unambiguous statutory or constitutional violation. *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir. 1979); *Wolf Corp. v. Securities & Exchange Comm.*, 317 F.2d 139 (D.C.Cir.1963); *OKC Corp. v. Williams*, 461 F.Supp. 540 (D.C.Tex.1978). *See also School District of City of Saginaw, Mich. v. United States, Dept. of HEW*, 431 F.Supp. 147 (D.C.Mich.1977) (Title VI); *Boise Cascade Corp. v. Federal Trade Comm.*, 498 F.Supp. 772 (D.C.Del.1980) (antitrust). This Court does not find that, under the present posture of this action, plaintiffs are able to hurdle either of those exceptions.

The mere allegation of a constitutional violation is insufficient to constitute irreparable harm. *Boise Cascade Corp. v. Federal Trade Comm.*, 498 F.Supp. 772 (D.C.Del. 1980). Those claims can be reviewed in the Court of Appeals after exhaustion of the administrative process. Cost incurred by plaintiffs due to any delay in review has been held not to constitute irreparable injury. *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir. 1979). *See also Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Expulsion from

the NASD pending review of those claims has been held not to constitute irreparable injury in light of the broad discretion given to the SEC to protect the interests of the investing public. *Associated Securities Corp. v. Securities & Exchange Comm.*, 283 F.2d 773 (10th Cir. 1960).

The ultimate question is whether plaintiffs' claims rise to the level of being clear and unambiguous constitutional violations. This Court cannot say that they do. In general, the Securities Exchange Act and the NASD system of self-regulation have repeatedly withstood constitutional attack. *R. H. Johnson & Co. v. Securities & Exchange Comm.*, 198 F.2d 690 (2nd Cir. 1952), *cert. den.* 344 U.S. 855, 73 S.Ct. 94, 97 L.Ed. 664; *Todd & Co. v. Securities & Exchange Comm.*, 557 F.2d 1008 (3rd Cir. 1977); *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir. 1979) (claim of bias); *Nassau Securities Service v. Securities & Exchange Comm.*, 348 F.2d 133 (2nd Cir. 1965) (composition of NASD tribunals); *Allan v. Securities & Exchange Comm.*, 577 F.2d 388 (7th Cir. 1978) (SEC's discretion to issue stay pending appeal). This Court likewise does not believe that the plaintiffs' claims as to the absence of discovery mechanisms or the alleged lack of a statute of limitations rise to the level of clear and unambiguous constitutional violations. The concept of a constitutional right to discovery in judicial or quasi-judicial proceedings has been rejected. *Nat'l Lab. Rel. Bd. v. Interboro Contractors, Inc.*, 432 F.2d 854 (2nd Cir. 1970). *See also Sloan v. New York Stock Exchange*, 489 F.2d 1, n.1 (2nd Cir. 1973). This Court has not been directed to any authority for the proposition that one has a constitutional right to a statute of limitations.

Since the inception of this suit, the real thrust of plaintiffs' claim has been against the impact of the 1975 amendments to the Act. If the SEC refuses plaintiffs' request for a stay, they will be subjected to expulsion from the NASD until such time as the vindication of their alleged constitutional claims regarding bias, prosecutorial involvement, absence of discovery and lack of a statute of limitations before the Commission or in the Court of Appeals. Plaintiffs contend that they have a constitutional

right to be free of sanctions or penalties prior to the ultimate adjudication of their claims. The Supreme Court does not agree and has declined to recognize such a right even in the face of irreparable injury. *Yakus v. United States*, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944). The Seventh Circuit has specifically rejected a claim that leaving the question of the propriety of a stay to the SEC's discretion under the Act is a deprivation of due process. *Allan v. Securities & Exchange Comm.*, 577 F.2d 388 (1978).

Consequently, this Court does not find this case to be in such a posture as to require an exception to the exhaustion rule. It is entirely possible that the SEC will issue a stay, thus rendering plaintiffs' claims moot. It is also possible that the SEC will allow more than a review merely on the record in plaintiffs' case pending before the Commission. The 1975 amendment to § 78s(e)(1) does not preclude a *de novo* review. In light of these possibilities and the absence of irreparable injury or a clear constitutional violation, this appears to be a case where there should be exhaustion of administrative remedies.

Accordingly, plaintiffs' motion for a preliminary injunction is denied and the complaint is dismissed.

IT IS SO ORDERED.