SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

WACO FINANCIAL, INC. and J. Jerome Prevatte, Defendants-Appellants.

No. 83–1309.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1984.

Decided Jan. 3, 1985.

Theodore H. Amshoff, Jr., Amshoff & Amshoff, J. Michael Smither, Louisville, Ky., for defendants-appellants.

Mary H. Weiss, S.E.C., Chicago, Ill., Jacob H. Stillman, Elisse B. Walter, Anne H. Sullivan, Paul Gonson, Washington, D.C., for plaintiff-appellee.

Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and GIBSON, Senior Circuit Judge.[*]

LIVELY, Chief Judge.

The defendants appeal from a judgment of the district court which permanently enjoined WACO Financial, Inc. (WACO) and its president and chief stockholder, J. Jerome Prevatte (Prevatte), from dealing in securities in violation of federal securities laws. On appeal the defendants contend that the procedures by which they were barred from engaging in securities trading as a broker-dealer and principal violated rights guaranteed them by the due process clause of the Fifth Amendment.

## I.

Under the Securities Exchange Act[1] regulatory responsibility for the securities business is shared by the Securities and Exchange Commission (SEC) and the securities industry. The securities industry is self-regulated to a point, with ultimate authority resting with the SEC. The industry group responsible for regulation of trading in over-the-counter markets is the National Association of Securities Dealers (NASD). Broker-dealers who engage in over-the-counter trading and who belong to the NASD are required to abide by NASD Rules of Fair Practice and to meet other NASD requirements. The NASD exercises disciplinary powers over its members and by statute is required to enforce compliance with securities laws and NASD rules and regulations. A disciplinary action which results in the suspension or expulsion of a broker-dealer from the NASD for conduct inconsistent with just and equitable principles of trade disqualifies that broker-dealer from trading in securities. 15 U.S.C. § 78o (b)(7) (1982); 17 C.F.R. § 240.-1568–2(a) (1984). Disciplinary actions of NASD are subject to review by the SEC and a United States Court of Appeals. 15 U.S.C. § 78y(a)(1).

WACO was organized as a securities broker-dealer in 1975 and, after several applications for membership in the NASD had been rejected for failure to meet various standards, was accepted for NASD membership in 1978. Several NASD staff examinations of WACO in the ensuing months revealed instances of failure to meet special customer reserve account requirements, failure to maintain required net capital levels and failure to abide by other rules and regulations of the NASD and the SEC. Though WACO voluntarily suspended business in May 1980 in order to bring its records and reports into compliance with requirements, shortly after it resumed business the following month its records were found again to be incomplete and out of compliance.

Following established procedures a district committee of NASD issued two complaints against WACO and Prevatte. A hearing was held on the complaints and the district committee issued a decision censuring WACO and Prevatte, expelling WACO from NASD and barring Prevatte from associating in a principal capacity with any NASD member. This decision was based on findings of such "gross negligence" by WACO as to render its remaining in business "a deceptive and fraudulent device" and a "total disregard" by Prevatte of the responsibilities of a financial principal. On appeal by WACO and Prevatte the NASD's

---

[*] The Honorable Floyd Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

[1.] The Securities Exchange Act of 1934, codified at 15 U.S.C. § 78a et seq. (1982).

Board of Governors affirmed the decision of the committee. The membership of WACO in NASD was terminated and the effect of this action was to disqualify WACO from engaging in the securities business.

WACO and Prevatte appealed the decision of the Board of Governors to the SEC with a request to stay enforcement, and while that appeal was pending they filed suit against the NASD and the SEC in district court, seeking an injunction and a declaratory judgment that the disciplinary action by the NASD was unconstitutional. The district court found that WACO and Prevatte had not exhausted available administrative remedies and dismissed the complaint. *WACO Financial, Inc. v. NASD*, 513 F.Supp. 758 (W.D.Mich.1981). WACO and Prevatte did not appeal the judgment of the district court. Meanwhile the SEC denied their motion for stay of sanctions and WACO and Prevatte filed a petition in this court seeking a stay and review of that commission action denying the stay. At this time the SEC had not reviewed the NASD disciplinary action. This court denied the petition for stay and dismissed the petition for review upon finding that the petitioners had not exhausted available administrative remedies and had failed to show entitlement to a stay. *WACO Financial, Inc. v. SEC and NASD*, 6th Cir., 655 F.2d 1047 (unpublished order July 9, 1981).

The SEC later dismissed the defendants' application for review of the NASD Board of Governors' decision when WACO and Prevatte failed to file a brief or statement in support of their position. WACO and Prevatte did not seek review of the final order of the SEC in this Court or the Court of Appeals of the District of Columbia as permitted by 15 U.S.C. § 78y(a)(1). However, when WACO and Prevatte continued to engage in the securities business, the SEC brought an action in the United States District Court for the Western District of Michigan seeking an injunction against continuation of this conduct by WACO and Prevatte. The district court granted a preliminary injunction, *SEC v. WACO Finan-*

*cial, Inc.*, 518 F.Supp. 651 (1981). After further proceedings, including discovery, the district court granted the SEC's motion for summary judgment and entered the permanent injunction from which this appeal is taken.

## II.

As they did in the district court, WACO and Prevatte argue here that there was such a commingling of prosecutorial and adjudicatory functions during the proceedings before the NASD district committee and Board of Governors that they were denied due process. Counsel for WACO and Prevatte was questioned at oral argument as to why this issue had not been preserved for review during the NASD proceedings and then raised before the SEC. The response was that the SEC has no authority to decide constitutional questions. The same position was set forth in the appellants' reply brief, where *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and *Johnson v. Robinson*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), were cited for support.

The cited decisions do not support the argument. With respect to the question in this case, the Court in *Califano v. Sanders*, merely reiterated "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed . . . ." 430 U.S. at 109, 97 S.Ct. at 986. With respect to proceedings before the SEC, no presumption is required. Since the Securities Exchange Act explicitly provides for judicial review of final orders of the SEC in disciplinary actions, this "well-established principle" is satisfied. By preserving the issue before the NASD bodies and the SEC the appellants could have obtained direct judicial review of their constitutional claims following all administrative steps. They chose, instead, to attempt to litigate these issues as a defense to a subsequent district court enforcement action.

The language from *Johnson v. Robison* relied upon by the appellants likewise has

no application to the present case. Justice Brennan quoted with approval from an administrative decision that "[a]djudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies." 415 U.S. at 368, 94 S.Ct. at 1166. The issue which WACO and Prevatte sought to raise has nothing to do with the constitutionality of a congressional enactment. They question the constitutionality of procedures followed by an agency and its delegate. They did not question the constitutionality of the Securities Exchange Act. They attacked procedures permitted by the SEC in administering this Act. These questions should have been raised in the administrative proceedings. The quoted language from *Johnson v. Robison*, does not reach the present case.

### III.

As we have indicated, the appellants WACO and Prevatte have mounted a collateral attack in this action on a final order of the SEC which they failed to appeal directly by seeking review pursuant to § 78y. This collateral attack by way of defense to the enforcement action is not permitted. Even if they had come to this court properly, that is by a petition to review the final order of the SEC, the issues which they seek to raise would not have been properly before this court because they were not raised before the SEC. On petition to review a final disciplinary order of the SEC, this court does not review actions of the NASD. Those actions are fully reviewed by the SEC and it is the final order of that public body which is reviewed by the court of appeals. The SEC should have an opportunity to correct any deficiencies in the NASD proceedings before issuing its final order. Since the charge of commingling of prosecutorial and adjudicatory functions was not raised before the SEC, it cannot be considered by this court in the absence of a showing of some reasonable ground for not raising it before the Commission. *Shultz v. SEC*, 614 F.2d 561, 569 (7th Cir.1980). WACO and Prevatte have presented no

reasonable grounds for failing to raise the issue before the SEC.

The judgment of the district court is affirmed.