J. Jerome PREVATTE, and WACO Financial, Inc., Individually and as Alter Ego, of WACO Financial, Inc., Plaintiff,

v.

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Its Agents, Officers, and Board of Governors, Individually, National Association of Securities Capital and Margin Committee, Individually, Its Officers and Agents, More Specifically, John J. Cox, Bradford Patterson, John T. Wall, James R. Yore, John E. Pinto, Jr., Craig Dearborn, Donald D. Watson, Bruce Wheeler, and Unassociated Persons, Jon C. Thompson, and Nancy J. Barber (Rose), Defendants.

J. Jerome PREVATTE, Plaintiff,

v.

NATIONAL ASSOCIATION OF SECURITIES DEALERS INC., John E. McTavish, Thatcher W. Root, John B. Behrendt, Eugene H. Ridnicki, John R. Stephens, Robert M. Leonhardt, Patrick A. Noonan, Richard A. Pecaut, Richard C. Romano, Theodore M. Perkowski, William R. White, Michael J. Wyvill, King Traub, Patricia C. Ladovac, David E. Rosedahl, John R. Scott, Edward M. Silverstein, Clayton F. Brown, Mendel J. Engler, Paul A. Frederick, William A. Goldstein, Hal H. Smith, III, L. Gene Tanner, Ernest F. Rice, James E. Wade, H. Lawrence Parker, David Marcus, Gordon S. Macklin, Joyce Shanahan, Phillip Petraitis, James Ahern, Craig Dearborn, Donald D. Watson, John Cox, John Pinto, John Wall, Andrew Barnes, Frank J. Wilson, Bruce Wheeler, Dennis Taylor, Thomas Sargent, Kenneth V. Miller, the Midwest Clearing Corporation, Defendants.

J. Jerome PREVATTE, Plaintiff,

v.

NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Defendant.

Nos. K84–99 CA4, K86–116 CA4, and K86–152 CA4.

United States District Court, W.D. Michigan, S.D.

Jan. 12, 1988.

Theodore H. Amshoff and Norbert J. Arrington of Amshoff, Amshoff and Searcy, Louisville, Ky., Clark M. Olmstead, Kalamazoo, Mich., for plaintiff.

J. Jerome Prevatte, in pro per.

Hugh H. Makens, Eugene E. Smary, of Warner, Norcross & Judd, Grand Rapids, Mich., for NASD related defendants.

Frank J. Wilson, Andrew McR. Barnes, Mary S. Head, of Nat. Ass'n Sec. Dealers of Washington, D.C., for NASD Inc.

Nancy J. Barber and Jon C. Thompson, David A. Knickerbocker, Kalamazoo, Mich., Kenneth V. Miller, Nancy Kerastas, of VanderVeer, Garcia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, Grand Rapids, Mich., for defendants.

## OPINION

BELL, District Judge.

Before this court are motions of the several defendants for dismissal and/or summary judgment, Rule 11 sanctions, and a permanent injunction. This action arises out of events relating to disciplinary action taken by the National Association of Security Dealers (NASD) against plaintiffs. The present action consolidates three suits that plaintiffs filed against the defendants.

The plaintiffs, J. Jerome Prevatte and WACO Financial, Inc., seek relief in this Court from the defendants' alleged misconduct and resulting sanctions imposed by the NASD. Plaintiff J. Jerome Prevatte is the president, founder, and principal shareholder of WACO Financial, Inc., a securities brokerage. Plaintiff Prevatte appears pro se, but does so with considerable experience gained from his extensive litigation related to the NASD's disciplinary action taken against him and WACO Financial, Inc.

Defendants in this action are the NASD, members of the NASD's Board of Governors, members of the NASD's Capital and

Margin Committee, several members of the NASD's District Eight District Business Conduct Committee (DBCC), various NASD employees, several former WACO employees, Jon C. Thompson, Nancy J. Barber, the Midwest Clearing Corporation, and Kenneth Miller, WACO's former corporate counsel.

## BACKGROUND

A brief chronicle of the events precipitating this dispute and the ensuing administrative and judicial proceedings is necessary for proper evaluation of these motions. Prevatte and WACO Financial, Inc. became NASD members in 1978. The NASD examined WACO's books in 1980 and determined that WACO had failed to maintain requisite net capital levels. WACO voluntarily ceased operations on May 5, 1980 while the NASD further audited WACO to determine its net capital position.

To improve its capital position WACO entered into a subordinated loan agreement for $10,000 with defendant Jon C. Thompson, who was then a WACO shareholder and director. According to the agreement Thompson would loan WACO $10,000 to improve its net capital position and thereby satisfy the NASD's regulations. The agreement was dated April 25, 1980 and submitted to the NASD's Surveillance Department on May 5, 1980. The DBCC did not approve the agreement because the form and substance of the agreement did not comply with minimum requirements for subordinated agreements (SEC Rule 15c 3–1 Appendix, 17 CFR § 240.15c 3–1d). On May 15, 1980 WACO submitted an amended agreement and resumed operations. On May 27, 1980 the NASD issued a complaint, No. CHI–654, against WACO and Prevatte for violating net capital, customer protection, record keeping, and security rules.

On June 10, 1980 Jon C. Thompson informed the NASD's surveillance department that he was no longer a WACO shareholder or director and withdrew the subordinated loan agreement. Prevatte continued to operate WACO as a broker/dealer even after Thompson withdrew the loan agreement.

On August 1, 1980 the NASD filed another complaint, No. CHI–659, against WACO and Prevatte. The DBCC held a hearing on the second complaint and found in an opinion dated November 24, 1980 that WACO and Prevatte violated the NASD rules on net capital levels, customer protection, and book keeping. The DBCC expelled both Prevatte and WACO from the NASD and barred Prevatte from being a principal in any NASD member firm. WACO and Prevatte appealed the DBCC decision to the NASD Board of Governors and then to the SEC, both of which affirmed the DBCC decision. The SEC requested a permanent injunction enjoining any further violation of the SEC rules. WACO and Prevatte consented to a permanent injunction entered on December 2, 1980.

On December 5, 1980 the NASD issued still another complaint, No. CHI–665, which was heard on January 22, 1981 and decided against plaintiffs on February 3, 1981. Plaintiffs appealed to the NASD Board of Governors, which affirmed the DBCC. On February 4, 1981 the DBCC issued an additional complaint, No. CHI–676, it was heard, decided, and appealed, with the NASD Board of Governors upholding the DBCC findings.

On March 19, 1981 Plaintiffs appealed from the Board of Governor's decision to the SEC and requested to stay the NASD's disciplinary action. Before the SEC even considered the request, Plaintiffs sued in this District Court to enjoin the NASD and SEC from imposing the sanctions pending the appeal. This Court dismissed the complaint for injunctive relief on April 24, 1981 because plaintiffs failed to exhaust their administrative remedies. *WACO Financial, Inc. v. NASD*, 513 F.Supp. 758 (W.D. Mich.1981) (Gibson, J.).

On June 17, 1981 the NASD issued another complaint, No. CHI–679, against Prevatte and WACO for additional NASD rule violations. On June 23, 1981 the SEC upheld the DBCC findings and sanctions in complaint No. CHI–665. Prevatte then

filed a petition for mandamus against the SEC in the Sixth Circuit. On July 9, 1981 the Sixth Circuit dismissed the petition for failure to exhaust administrative remedies. *WACO Financial, Inc. v. SEC,* 665 F.2d 1047, 81–82 Fed.Sec.L.Rep. (CCH) 98,220 (6th Cir.1981).

WACO and Prevatte continued to operate as broker and dealer violating NASD and SEC rules. The SEC obtained an injunction on July 16, 1981 prohibiting WACO from trading in securities. *SEC v. WACO Financial, Inc.,* 518 F.Supp. 651, 653 (W.D.Mich.1981).

On July 30, 1981 the SEC dismissed Prevatte's appeals of the NASD's sanctions in complaints No. CHI–654 and No. CHI–659 because Prevatte and WACO failed to submit a brief as required by the administrative rules. The NASD then withdrew complaints No. CHI–676 and No. CHI–679 because the NASD considered further action superfluous in view of the earlier sanctions.

On April 4, 1983 Prevatte filed suit in this Court to compel the NASD to comply with its own rules and provide a written explanation why it withdrew the two complaints. On November 7, 1983 this court dismissed the complaint because plaintiffs failed to exhaust their administrative remedies. The Sixth Circuit affirmed this Court. The plaintiffs then petitioned the SEC to compel the NASD to comply with its own rules and provide a written decision for the withdrawal of the complaints. The NASD opposed the petition before the SEC.

At no time during the proceedings before the DBCC or the NASD's Board of Governors did the plaintiffs allege that the NASD conspired in the withdrawal of the subordinated loan agreement between WACO and Thompson.

On March 15, 1984 Prevatte and WACO initiated this lawsuit, K84–99 CA4 complaining of defendants' action that occurred four years earlier. The case was assigned to Judge Gibson. Plaintiffs moved to disqualify Judge Gibson because of bias. This Court denied the petition and was affirmed by the Sixth Circuit.

On January 3, 1985 the Sixth Circuit affirmed this Court's entry of a second injunction against plaintiffs explaining that WACO and Prevatte were collaterally estopped from attacking the constitutionality of NASD procedures because they failed to raise those issues in the earlier NASD and SEC proceedings. *SEC v. WACO Financial, Inc.,* 751 F.2d 831 (6th Cir.1985).

In this action three cases have been consolidated, K84–99 CA4, K86–116 CA4, K86–152 CA4. In these cases plaintiffs WACO and Prevatte have sought relief based on defendants' wrongful conduct allegedly occuring in 1980–1981 and resulting in NASD sanctions against plaintiffs. WACO and Prevatte were expelled from the NASD and Prevatte was barred from ever being a principal in a NASD related brokerage.

In case K84–99–CA4 plaintiffs sued the NASD, its officers and agents, including members of the NASD's Board of Governors, Capital and Margin Committee, DBCC No. Eight, and two non-NASD related persons Jon C. Thompson and Nancy J. Barber. Plaintiffs alleged conspiracy, malicious breach of contract, tortious interference with contract, fraudulent manipulation of capital accounts, and a RICO claim.

In K86–116 CA4 plaintiffs Prevatte and WACO again sued the NASD, several NASD officers and agents, and also Kenneth Miller, WACO's former corporate counsel, and the Midwest Clearing Corporation. Plaintiffs alleged a 42 U.S.C. § 1983 claim, a RICO claim against the NASD related defendants, improper acts of counsel, malicious prosecution, and malicious mischief.

In K86–152 CA4 plaintiff Prevatte seeks reinstatement of his membership in the NASD and essentially alleges that the NASD maliciously conspired to deprive him of his rights.

Defendants have moved for dismissal and summary judgment on various theories. In K84–99 CA4 defendants Thompson and Barber and the NASD related defendants moved to dismiss the action because the plaintiffs' claims actually constituted a shareholder under F.R.Civ.P. 23.1.

that was defectively pled. Defendants argued that the injury alleged in the complaint was injury suffered by the corporation and that plaintiff Prevatte, as a shareholder did not have standing to litigate the corporation's injury without first complying with F.R.Civ.P. 23.1. Specifically, plaintiffs did not adequately plead that the corporation refused to bring suit on its own behalf after a demand to do so, nor did plaintiffs adequately represent the corporation's interest with licensed counsel.

In an opinion and order dated May 30, 1984 Judge Gibson conditionally denied the defendants' Rule 23.1 motions and directed the plaintiffs to retain counsel for the corporation and amend their complaint as a proper shareholder derivative action within thirty days. This order specified that if the plaintiffs failed to comply the case would be dismissed. The plaintiffs filed an amended complaint.

■ This Court has reviewed the amended complaint upon renewal of the defendants' motions to dismiss the claim under Rule 23.1. The plaintiffs only slightly and insignificantly altered the text of the complaint as originally submitted. This Court finds that the complaint fails to properly plead a shareholder derivative suit under Rule 23.1. The complaint does not reflect that any demand was ever made upon the corporation to sue on its own behalf for the injury that it allegedly suffered as Rule 23.1 requires. Moreover, plaintiffs failed to retain counsel within thirty days as directed. In fact, plaintiff Prevatte did not appear with retained counsel to represent the corporate plaintiff as directed until November 13, 1987, which was over three years after the thirty day period that the court provided for the plaintiffs to amend their pleadings. And even at that time plaintiff failed to appear with counsel properly admitted under the local court rules to practice in the federal court for the Western District of Michigan.

■ This Court finds that plaintiffs' failure to retain counsel and amend their complaint as per the Court's order of May 30, 1984 is a sufficient basis on which to dismiss the case.

■ The NASD related defendants also moved for dismissal claiming that plaintiffs failed to exhaust their administrative remedies. Defendants argue that plaintiffs' claims were properly cognizable in administrative procedures that were duly authorized and provided for by Congress. Consequently, defendants argue that plaintiffs' failure to properly present their claims before the administrative agencies and exhaust their administrative remedies precludes this Court's subject matter jurisdiction.

In the Securities Exchange Act of 1934, 15 U.S.C. § 78a–78kk, amended by the Maloney Act, 52 Stat. 1070 (1938), 15 U.S.C. § 78o–3, *et seq.*, Congress provided a unified scheme for the regulation of securities brokers and dealers beginning with industry self regulation, proceeding to administrative review, and culminating in judicial scrutiny. The NASD, as a registered national securities association, regulates and disciplines its members through its regional District Business Conduct Committees (DBCC). Any action of a DBCC may be appealed to the NASD Board of Governors and from there to the Securities and Exchange Commission (SEC), 15 U.S.C. §§ 78s(d)(1), (e)(1), and then onto a United States Court of Appeals, 15 U.S.C. § 78y(a)(1). A grievance against a NASD official must be taken directly to the SEC. The SEC is empowered to take appropriate action. 15 U.S.C. §§ 78s(e)(1), (h)(1), (4); 78u(d). Any appeal to the SEC is limited to reviewing the NASD record with accompanying argument. 15 U.S.C. § 78s(e)(1), SEC Rule 19d–3. On appeal to a United States Circuit Court new evidence may be adduced if the court is satisfied that the new evidence is material and reasonable grounds exist for failure to present it earlier.

Case law interpreting these statutes requires exhaustion of administrative remedies and do not provide for relief in the federal district court. *Meyers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), *Parisi v. Davidson*,

405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).

Plaintiffs have failed to pursue the proper administrative remedies. Instead of presenting their claims to the NASD, SEC, and a United States Court of Appeals, they have presented their case in this United States District Court, which is a forum without jurisdiction to even entertain plaintiffs' dispute against the NASD and its related defendants.

Plaintiffs' allegations of misconduct were properly cognizable in the NASD and SEC proceedings. Plaintiffs knew of the alleged misconduct at the time of the NASD hearings. Plaintiffs' failure to properly present and preserve their claims then preclude them from raising them now in this forum. *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 817, 31 L.Ed.2d 17 (1972), *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. NASD*, 616 F.2d 1363 (5th Cir.1980), *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir.1979), *cert. den.*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Moreover, even assuming the plaintiffs did not know of the alleged misconduct of the NASD officials at the time of the NASD proceedings, the plaintiffs were still required to follow the administrative procedures when they did learn of the misconduct and then present their complaint to the NASD or the SEC. If the plaintiffs received an unfavorable SEC determination, then they could have petitioned a United States Court of Appeals to review the SEC's final determination.

The Sixth Circuit, in *SEC v. WACO Financial Inc.*, 751 F.2d 831 (1985), also recognized the plaintiffs' failure to exhaust administrative remedies in another action when it upheld a district court injunction, *SEC v. WACO Financial, Inc.*, 518 F.Supp. 651 (W.D.Mich.1981), barring WACO and Prevatte from dealing in securities. On appeal WACO and Prevatte argued that the NASD commingled prosecutorial and adjudicatory functions in the NASD proceedings. This defense had not been presented to the SEC and thus was not preserved for subsequent review. The Sixth Circuit discerned that plaintiffs were actually collaterally attacking a final determination of the SEC by raising an issue which they had failed to properly appeal.

This District Court also has advised Prevatte and WACO Financial Inc. of the necessity to exhaust administrative remedies and the consequences of failing to do so in *WACO Financial, Inc. v. NASD*, 513 F.Supp. 758 (W.D.Mich.1981).

In the present case plaintiffs attempt to collaterally attack an SEC proceeding by litigating issues which they (1) failed to properly raise, and (2) failed to appeal to a United States Circuit Court. The SEC determination, which was considered an adjudication of the merits, now prevents plaintiffs from raising these issues, which they properly should have raised in the NASD proceedings, appealed to the SEC, and then reviewed by a United States Circuit Court. Plaintiffs may not now raise these issues again. Plaintiffs' claims against the NASD and NASD related officials are precluded.

In K86-152 CA4 plaintiff Prevatte seeks reinstatement as a NASD member raising essentially the same issues and allegations of NASD misconduct as contained in the other complaints. This action is also precluded because it too is in effect a collateral attack on the original SEC determination in which he failed to properly raise these issues and appeal them as required.

## FAILURE TO STATE CLAIMS

Another independent basis on which to dismiss plaintiffs' cases is plaintiffs' complete failure to adequately state their claims. Plaintiffs alleged numerous counts based on the same facts and growing out of the same gravamen. However, upon review of this plethora of pleadings this Court finds that plaintiffs failed to elementally state any of them.

## KENNETH MILLER AND THE MIDWEST CLEARING CORPORATION

In K86-116 CA4 Plaintiff Prevatte named Kenneth Miller, his former attorney, as defendant alleging claims of malicious prosecution, malicious abuse of process, common law conspiracy, common law

fraud, and RICO. Defendant Miller has moved to dismiss the action against him on the grounds of available statutes of limitation, prior adjudication, and failure to state a claim upon which relief can be granted.

Upon review of the case the Court finds that the claims against Kenneth Miller are barred by the applicable statutes of limitation. The alleged misconduct occurred in 1980. M.C.L. 600.5805 is the statute of limitation that controls plaintiffs' claims against Kenneth Miller. It provides for either a two or three year limitation on filing of plaintiffs' various claims and precludes plaintiffs from bring any action on these claims after 1983. Moreover, Plaintiff failed to adequately state any of the catalogue of claims asserted. Each claim was either elementally defective or inapplicable to defendant Miller.

Plaintiff failed to serve the Midwest Clearing Corporation. All claims are dismissed against the Midwest Clearing Corporation pursuant to F.R.Civ.P. 4(j).

## PERMANENT INJUNCTION

■ In K86–116 CA4 the NASD related defendants moved for a permanent injunction prohibiting plaintiffs from filing any more suits against them. Defendants argued that plaintiffs have inundated them with a deluge of vexatious litigation.

Prior to this present motion for a permanent injunction, Judge Gibson granted a preliminary injunction on July 28, 1986. That injunction prohibited Prevatte and WACO Financial, Inc. from filing any pleading against the NASD and its related defendants named in K84–99 CA4 and Kenneth Miller without leave of the Court until the termination of the consolidated actions K84–99 CA4, K86–116 CA4, and K86–152 CA4.

Upon review of the pleadings the Court notes that the Plaintiffs have asserted a concatenated potpourri of claims all predicated upon the same underlying gravamen. Plaintiffs have filed at least five actions against the NASD related defendants each including an overlapping litany of counts dubiously pleaded and denominated. For example: conspiracy to erode capital, excessive garnishment, conspiracy to conduct continuing malicious prosecution, aiding malicious mischief and prosecution, malicious use of process, malicious prosecution through hearings, malicious prosecution through institution of complaints, malicious prosecution through examination, and so forth.

Upon review of the quantity and character of the pleadings filed by plaintiffs in these three consolidated case, this Court determines that a permanent injunction should issue prohibiting WACO Financial, Inc. and Prevatte from filing any pleading in the United States District Court for the Western District of Michigan against any defendants named in these three actions without first obtaining leave from this Court to do so.

## RULE 11 SANCTIONS

■ The NASD, its related defendants, and Kenneth Miller have moved for Rule 11 sanctions. Defendants argue that Rule 11 sanctions can be imposed upon a pro se litigant. Defendants also assert that plaintiffs have not prevailed in any action against them thus far before the NASD, the SEC, the United States District Court, Circuit Court, or the Supreme Court. Furthermore, defendants claim that plaintiffs' claims are meritless, vexatious, and designed to harass.

Plaintiff responds that the claims were made in good faith, that the defendants have never denied the allegations, that the merits of the case have never been heard, and that the proper test for imposing Rule 11 sanctions is whether the claims were made in good faith at the time of filing.

Upon review of the case this Court notes the dubious character and quantity of the pleadings and the plaintiffs' failure to exhaust administrative remedies but this Court declines to impose Rule 11 sanctions at this time.

## CONCLUSION

This Court dismisses all counts in each case. Case K84–99 CA4 is dismissed because plaintiffs failed to comply with this Court's order directing them to amend

their complaint and retain counsel to adequately represent the corporation's interest. All claims against the NASD related defendants in K86–116 CA4 and K86–152 CA4 also are dismissed because plaintiffs failed to exhaust their administrative remedies. Moreover, the claims, as pled, do not adequately state claims upon which relief can be granted. Claims against Kenneth Miller are dismissed because they are time barred and inadequately stated. Claims against Midwest Clearing Corporation is dismissed because it was never properly served.

Plaintiffs are permanently enjoined from suing in the federal District Court for the Western District of Michigan any defendant named in these three consolidated cases without first obtaining leave of this Court to do so.

Rule 11 Sanctions are not imposed.

IT IS SO ORDERED.